**YAN QING LI, Petitioner,**

v.

Alberto R. GONZALES [1] Respondent.

No. 04–2926–AG.

United States Court of Appeals,
Second Circuit.

Dec. 12, 2005.

H. Raymond Fasano, Madeo & Fasano, New York, New York, for Petitioner.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Susan M. Haling, Assistant United States Attorney, Chicago, Illinois, Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois, for Respondent.

Present: NEWMAN, JACOBS, and CABRANES, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be DENIED.

Yan Qing Li, a citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ found that the evidence did not support Li's application and that her testimony had not been entirely credible, based on her observations of Li's testimony and demeanor. Thus, while the evidence sup-

ported Li's testimony that she was married with one child, it was found that she had failed to establish past persecution based on her alleged involvement with the Falun Gong. That finding is supported by substantial evidence.

Regarding her past persecution claim, the IJ found that Li's testimony lacked a sufficient explanation about why the government would have targeted her for persecution given that she never was a Falun Gong member, that Li had never been arrested by government officials for her alleged Falun Gong membership or association, and that she had only allegedly been warned by police to halt delivering materials. The IJ found non-credible Li's assertion that, despite being warned by the police, she had resumed delivering Falun Gong materials after the group had been banned in 2000; among other things, Li had failed to provide a satisfactory explanation as to why she would risk arrest to deliver materials to a group she did not belong to and did not support, Li knew little about Falun Gong practices, had never read the Falun Gong materials that she had allegedly delivered, and did not practice Falun Gong in the United States. Moreover, citing the lack of detail in her testimony, the IJ found that it was unlikely that Li had ever even made deliveries of Falun Gong materials to members as she had claimed.

The IJ rejected Li's future persecution claim, which is based on Li's belief that, if returned to China, she would be persecuted by government officials for giving birth to a male child in the U.S. As the IJ found, she had failed to show that she would be persecuted on this basis given that having one male child born in the U.S. is not a violation of China's family planning policy. Regarding Li's CAT claim, the IJ ruled that Li had failed to establish that it was more likely than not that she would be tortured for any reason if returned to China, and, therefore, correctly denied her relief under the CAT. Because Li presented insufficient evidence to warrant the requested relief, the IJ correctly denied her application, and her petition is denied.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).